IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MR. LAQUAN D. COLLIER,    #260292,<br>also known as James Elmore,<br><br>　　　　　　　　　Petitioner,<br><br>　　　vs.<br><br>WARDEN LIEBER CORRECTIONAL<br>INSTITUTION,<br><br>　　　　　　　　　Respondent. | Civil Action No. 3:12-2582-CMC-JRM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

　　　　Petitioner, Laquan D. Collier ("Collier"), a/k/a James Elmore, is an inmate with the South Carolina Department of Corrections serving a sentence of fifty years imprisonment for murder, twenty years (consecutive) for attempted armed robbery, and five years (concurrent) for conspiracy and possession of a weapon during a crime of violence. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 4, 2012.[1]  Respondent filed a return and motion for summary judgment on January 14, 2013.  Because Collier is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 15, 2013 explaining to him his responsibility to respond to the motion for summary judgment. Collier filed his response to Respondent's motion on January 24, 2013.

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

**Background and Procedural History**

Collier, Ginseng Coakley ("Coakley"), and Antwan Walton ("Walton") were arrested for the attempted robbery of a Holiday Inn in York County during which the innkeeper was murdered. Collier and Coakley went to trial on September 19, 2005. Collier was represented by Steve Shusterman, Esquire, and Coakley was represented by Harry Dest, Esquire, and B.J. Barrowclough, Esquire. Walton testified for the State. Collier and Coakley were found guilty.

An <u>Anders</u>[2] brief was filed on Collier's behalf by the South Carolina Commission on Indigent Defense raising the following issue:

> Whether the court erred by admitting evidence regarding a subsequent robbery and shooting at the National Cash Advance in Charlotte since it was impermissible propensity evidence under Rule 404, SCRE and the probative value of this evidence was substantially outweighed by it[]s prejudicial effect under Rule 403, SCRE?

Pursuant to South Carolina procedure, Collier submitted a *pro se* brief. The *pro se* brief did not raise additional grounds, but supplemented the argument offered in the <u>Anders</u> brief.

The South Carolina Court of Appeals affirmed the conviction. *See* <u>State v. Collier</u>, Unpublished Opinion No. 2008-UP-531 (S.C.Ct.App. filed September 11, 2008). Collier's petition for a rehearing was denied on February 20, 2009. Collier did not seek further review by the South Carolina Supreme Court.

Collier filed an Application for Post-Conviction Relief ("PCR") on November 12, 2008. (App. 977). An evidentiary hearing was held on February 5, 2010. Collier was represented by Leah Moody, Esquire. The PCR court issued an order of dismissal filed April 19, 2010. (App. 1040).

---

[2]<u>Anders v. California</u>, 386 U.S. 738 (1967).

A Johnson[3] petition for writ of certiorari was filed in the South Carolina Supreme Court on Collier's behalf by the South Carolina Commission on Indigent Defense raising the following issue:

> Whether defense counsel was ineffective in failing to investigate and prepare for trial?

Collier filed a *pro se* brief in which he reiterated his argument from direct appeal and added that the trial court erred in admitting the statement of his co-defendant in violation of Bruton v. United States, 391 U.S. 123 (1968). The matter was referred to the South Carolina Court of Appeals which denied the petition on August 10, 2012. The Remittitur was returned on August 29, 2012.

### **Grounds for Relief**

In his original petition, Collier asserts he is entitled to a writ of habeas corpus on the following grounds:

> **Ground One:** The Trial Court Judge Error
>
> > Supporting Facts: The Trial Judge allow[ed] evidence of a crime that I was never convicted of into my jury trial.
>
> **Ground Two:** The Trial Court Judge Error
>
> > Supporting Facts: The Trial Court Judge allow[ed] my codefendant's statements into our joint trial as evidence against me, me neither my codefendant took the stand in our joint trial.
>
> **Ground Three:** Due Process Law
>
> > Supporting Facts: When the Trial Judge allowed the State to introduce detailed evidence of post acts and bad acts crimes those post acts were either irrelevant, prejudicial and the effect of the evidence outweighed its prodative[sic] value.
>
> **Ground Four:** The Trial Court Judge Error

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

3

>Supporting Facts: When the Trial Judge allowed incompetent co-defendant Antwain Walton to testify in joint trial against me and co-defendant Cokley, detailed evidence from post acts also that w[]ere deemed, relevant, and admissible to the trial charged at hand.

On October 9, 2010, Collier filed an Amended Petition stating the following grounds:

**Ground One:**   The Trial Court Judge Error

>Supporting Facts:  The Trial Judge error when he allow[ed] evidence of a crime that I was never convicted of into my jury trial.

**Ground Two:**   The Trial Court Judge Error of Law

>Supporting Facts: The Trial Judge error when he allow[ed] my codefendant statements into our joint trial as evidence against me, me neither my codefendant took the stand in our joint trial.

**Ground Three:** "Error" Due Process of Law

>Supporting Facts: When the trial judge allowed the State to introduce detailed evidence of post acts and bad acts crimes those post acts were either irrelevant, prejudicial and the effect of the evidence outweighed its prodative(sic) value.

**Ground Four:**   The Trial Court Judge Error

>Supporting Facts: When the trial judge allowed incompetent co-defendant Antwain to testify in joint trial against me and co-defendant Cokley, detailed evidence from post acts also that w[]ere deemed, relevant, and admissible to the trial charged at hand.

**Ground Five:**   Ineffective Assistance of Trial Counsel

>Supporting Facts: My trial counsel Mr. Steve Schusterman was ineffective for failing too[sic] object to the sentence that was handed down by the court that was contrary to legislative.

**Ground Six:**     The Trial Court Judge Error

>Supporting Facts: For allowing the Grand Jury to indict me on arm[ed] robbery and ATP. arm[ed] robbery when both indictments did'n[sic] have the essential elements.

4

**Discussion**

**A. Procedural Default**

Respondent argues that a number of the grounds raised in Collier's present petition are procedurally barred.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

**1.    Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i)  there is either an absence of available State corrective process; or
> >
> > (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 203; Blakeley v. Rabon, 221 S.E.2d 767 (S.C. 1976). The second avenue is by filing an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq*. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application. *See* S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 215 S.E.2d 883 (S.C. 1975). Strict time deadlines govern direct appeal

and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 653 S.E.2d 266 (S.C. 2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[4] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still

---

[4] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2.     Procedural Bypass[5]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality
> of those decisions, by forcing the defendant to litigate all of his claims

---

[5]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

> together, as quickly after trial as the docket will allow, and while the attention
> of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant
> succeeds in showing both "cause" for noncompliance with the state rule and
> "actual prejudice resulting from the alleged constitutional violation."

Smith v. Murray, 477 U.S. at 533, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     **Inter-relation of Exhaustion and Procedural Bypass**

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)) *overruled on other grounds by* United States v. Barnette, 644 F. 3d 192 (4th Cir. 2011); Teague v. Lane, 489 U.S. 288, 297-98 (1989).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750; Gray v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. at 488). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier, 477 U.S. at 488-490; Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v.

Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *id.*, or his sentence. Matthews v. Evatt, 105 F.3d at 916.

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

The only issues properly presented to the South Carolina appellate courts were presented in (1) the Anders brief (admission of evidence regarding subsequent robbery of National Cash Advance in Charlotte, North Carolina); (2) the Johnson petition (ineffective assistance of counsel for failing to investigate and prepare for trial);[6] and (3) the Bruton issue raised in Collier's *pro se* brief in

---

[6]Collier has not raised this claim of ineffective assistance of counsel in this action.

11

support of the Johnson petition. Any and all other issues raised in the present petition are procedurally barred and should not be considered by this Court.

### B. Trial Judge Error

Collier asserts that he is entitled to a writ of habeas corpus because the judge made numerous errors concerning the admission of evidence at trial. Such questions of state law determinations are generally not cognizable on habeas review:

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-court questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted).

In the Anders brief, Collier argues that "the [trial] court erred by admitting evidence regarding a subsequent robbery at the National Cash Advance in Charlotte[7] since it was impermissible propensity evidence under Rule 4, SCRE and the probative value of this evidence was substantially outweighed by its prejudicial effect under Rule 403, SCRE." This issue, and others argued as trial judge error, concern only questions of state law and procedure. Therefore, those issues are not proper for habeas review.

### C. Bruton

In his *pro se* brief filed in connection with his Johnson petition, Collier appears to raise a Bruton issue. The issue was presented in the context of ineffective assistance of counsel in the PCR.

---

[7]The Holiday Inn murder and robbery occurred on or about January 11, 2003. The next day National Cash Advance in Charlotte, North Carolina was robbed and the manager was shot in the leg. The manager identified Collier as the shooter in the National Cash Advance robbery. Ballistic tests showed that the same gun fired the bullets in both crimes. Collier, Coakley, and Walton were arrested in Fairfield County, South Carolina on February 5, 2003 and subsequently interviewed about the Holiday Inn murder and robbery.

12

The PCR court found that counsel made a motion to exclude co-defendant Coakley's statement under Bruton and the trial court required the State to make several redactions to comply with Bruton. (App. 1048).

In Bruton, the Supreme Court held that the Confrontation Clause of the Sixth Amendment was violated during a joint trial where an out-of-court confession by a non-testifying defendant that also incriminated the co-defendant was admitted into evidence. The Fourth Circuit has consistently held that out-of-court statements of a defendant are admissible in a joint trial where the statements are redacted to remove incriminatory references to co-defendants. *See* United States v. Najjar, 300 F.3d 466, 475 (4th Cir. 2002) ("A Bruton problem exists only where a co-defendant's statement on its face implicates the defendant."); United States v. Crockett, 813 F.2d 1310, 1314 (4th Cir. 1987); United States v. Wigenton, 490 F.App'x. 557 (4th Cir. 2012) (No Bruton violation where statements made no mention of co-defendants nor provided a means of identifying them.)

As noted above, Collier's trial counsel made a motion to exclude the statements made by his co-defendant (Coakley). The court ruled that a redacted version of Coakley's statement could be admitted. (App. 230-269).

Coakley gave a series of unrecorded, conflicting oral statements to Sergeant James White of the Richland County Sheriff's Department. At trial, Sergeant White summarized Coakley's statements without referring to Collier. (App. 699-705). The trial judge gave the jury an instruction that it could only consider the statements in determining the guilt or innocense of Coakley. (App. 716).

Collier has not shown a Bruton violation.

**Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

July 24, 2013

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).