IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mr. Laquan D. Collier, #260292, a/k/a James Elmore, ) ) ) | C/A NO. 3:12-2582-CMC-JRM |
| Petitioner, ) ) | **OPINION and ORDER** |
| v. ) ) | |
| Warden, Lieber Correctional Institution, ) ) | |
| Respondent. ) _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On July 24, 2013, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted, that a certificate of appealability be denied, and that this matter be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on August 8, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner contends in his objections to the Report that he should be granted relief on his *Bruton* claim because "the jury [was] expected to perform the overwhelming [task] of considering [the redacted confession of a co-defendant] in determining the guilt or innocence of the declarant and then of ignoring it in determining the guilt or innocence of any co-defendant of the declarant." Obj. at 2 (ECF No. 26). Petitioner then indicates in a conclusory assertion that "the statement that was introduced to the jury denied the Petitioner the right to confront or cross examine evidence against him." *Id*. However, even assuming that the *Bruton* issue was not procedurally defaulted,[1] the court agrees with the Report and finds the issue lacks merit.

Therefore, Respondent's motion for summary judgment is **granted**, and this petition is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues

---

[1] Respondent argues this claim was defaulted and should not be evaluated by the federal court. *See* Return at 18-20 (ECF No. 19). Petitioner failed to raise this issue on direct appeal, and raised it, albeit weakly, in the context of an ineffective assistance of counsel claim in his PCR application and thereafter in his *pro se* brief filed in response to his PCR counsel's *Johnson* petition.

2

>satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 19, 2013

3